FILED
2023 Aug-28 AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KEVIN RAY GOODEN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **1:21-cv-08004-LSC** |
| Respondent. ) | **(1:18-cr-00101-LSC-GMB)** |

## MEMORANDUM OF OPINION

### I.   Introduction

Before this Court is a motion by Kevin Gooden ("Gooden") to vacate, set aside, or otherwise correct his sentence of 240 months supervised release that follows his 144 months of imprisonment, pursuant to 28 U.S.C. § 2255 ("§ 2255") (Doc. 1.) The United States ("Government") opposes his motion. (Doc. 4.) Gooden's § 2255 motion (Doc. 1) is due to be denied and the present action dismissed with prejudice for the reasons stated below.

### II.   Background

#### A.   Charges and Sentencing

On March 29, 2018, a grand jury charged Gooden in a nine-count indictment.

(Cr. Doc. 6.)¹ On July 12, 2018, Gooden entered a plea agreement that involved pleading guilty to three of the charges (Count 1, 3, and 19) in exchange for the Government dismissing the others. (Cr. Doc. 126.) The three remaining charges included conspiracy to possess with the intent to distribute and to distribute marijuana, cocaine, and 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); felon in possession of a firearm in violation of 18 U.S.C. § 922(g); and possession of five grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B) (*Id.*; Cr. Doc. 227 at 1.) Gooden waived his right to appeal his conviction as part of his plea agreement, including a 28 U.S.C. § 2255 appeal, unless there was (a) a sentence in excess of the statutory maximum or (b) ineffective assistance of counsel. (Cr. Doc. 126 at 12.)

The pre-sentence investigation report ("PSR") determined Gooden's guideline imprisonment range was 180 to 210 months and his supervised release recommendations were ten years, one to three years, and eight years for each count, respectively (Cr. Doc. 225 at 46-47.) The Government moved for a downward departure from these guidelines as part of the plea agreement. (Cr. Doc. 219 at 2.) This Court sentenced Gooden to concurrent imprisonment of 144 months as to

---

¹ "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Gooden*, No. 1:18-cr-00101-LSC-GMB.

counts one and 19 and 120 months as to count three on February 26, 2019. (Cr. Doc. 227 at 2.) This Court sentenced Gooden to concurrent supervised release of 240 months as to counts one and 19 and 36 months as to count three. (*Id* at 3.) Gooden did not pursue an appeal.

### B. § 2255 Proceedings

Gooden filed this pro se § 2255 motion on February 2, 2021.[2] (Doc. 1.) Liberally construing his petition for "clarification of sentence,"[3] Gooden claims that this motion falls within exception (a) of his waiver of appeal; specifically, he asserts that his currently slated period of 240 months' supervised release is in excess of the statutory maximum allowed by PL 115-391, the First Step Act of 2018 ("FSA") (Doc. 1 at 7.)

### III. Timeliness and Non-Successiveness of Gooden's § 2255 Motion

Because Gooden did not file an appeal, this Court's judgment became final fourteen days after judgment was entered, on March 12, 2019. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The statute of limitations for § 2255 motions is one year, meaning Gooden had until March 12, 2020, to file a timely motion *See* 28 U.S.C. § 2255 (f)(1). The current motion was filed on February 2,

---

[2] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

[3] Because Harris is a *pro se* litigant, this Court liberally construes his pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

2021, well past the deadline (Doc. 1.)

A pleading filed outside of the appropriate statute of limitations may be allowed if it relates back to a prior pleading sufficiently enough to be construed as an amended pleading. *See* FED. R. CIV. P. 15(c). The instant motion may be timely if: (a) Gooden's initial motion is construed as a § 2255 motion and (b) Gooden's current motion sufficiently relates back to the prior one. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). "In order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Id.* (quotations omitted).

It is clear that both of these requirements are met. Gooden filed a Motion for Clarification of Sentence on February 18, 2020. (*See* Crim. Doc. 251.) Because this was prior to March 12, 2020, this filing was within one year of the judgment becoming final and was timely. This motion and the § 2255 motion assert the same FSA claim. (*See* Crim Doc. 251; Doc. 1.) As the government points out, the two motions are written "nearly identical[ly]." (Doc. 4 at 2.) Both motions arise from the same set of facts, rather than separate occurrences. Additionally, both motions were filed pro se. This necessitates that they be liberally construed, so as not to unfairly penalize a petitioner for lacking legal knowledge. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Thus, in an abundance of caution,

the older pleading should be construed as a § 2255 motion. The near identical nature of the pair also shows that the current motion sufficiently relates back to the former to qualify under FED. R. CIV. P. 15. For these reasons, the instant pleading shall be considered a timely amendment to the motion filed in 2020.

Additionally, Gooden is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

## IV.  Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

V.  **Discussion**

　　A.  **Procedural Default**

Gooden contends that this Court should correct his sentence because the length of his supervised release is in violation of the FSA (Doc. 1.) However, Gooden's claim fails as a matter of procedural default as detailed below.

Procedural default bars petitioners from bringing § 2255 claims on issues that they did not bring on direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Gooden has procedurally defaulted on all § 2255 claims because he did not bring any issues on direct appeal. *See id*. Gooden's claimed FSA violation can be evaluated on the merits only if he meets either of two procedural default

exceptions. *See McKay v. United States*, 657 F.3d 1190, 1192 (11th Cir. 2011). These exceptions are:

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error…Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'

*Lynn*, 365 F.3d at 1234.

As to the first exception, these parts must be examined in order; no analysis of actual prejudice is necessary if a valid cause is never proven. *See Murray v. Carrier, 477 U.S. 478* (1986). The first step, cause for failure to bring an appeal, can be established in a number of ways. Cause exists if the petitioner shows "some objective factor external to the defense prevented [Gooden] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Gooden's] own conduct." *Lynn*, 365 F.3d at 1235. The second step, a showing of actual prejudice, requires the petitioner to prove that "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The only reasoning for cause Gooden gives is by pointing towards his nature as a pro se petitioner to excuse his untimeliness (*Id.* at 17). However, pro se filing is not a valid cause for overcoming procedural default because "failure to act or think

like a lawyer cannot be cause for failing to assert a [collateral] claim." *Smith v. Newsome*, 876 F.2d 1461, 1465 (11th Cir. 1989).

Alternatively, a petitioner who cannot show cause is excused from procedural default if they are "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). The actual innocence exception is reserved for cases that are "truly extraordinary." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citation omitted). The petitioner must show that "it is more likely than not that no reasonable jury would have convicted him." Regardless, Gooden makes no claim that he is innocent, so this exception is not applicable either.

Because Gooden's motion fails to address either of these exceptions in any major capacity because he does not claim actual innocence or give any legitimate cause for his failure to file a direct appeal, his claims remain procedurally defaulted. (*See* Cr. Doc. 1.)

### B. Merit

Although as detailed above this Court concludes Gooden's claim is procedurally defaulted, this Court also finds no merit to the § 2255 petition. This Court agrees with the Government's position that:

> While the First Step Act's provisions touched many aspects of sentencing for federal drug offenders, none of its provisions appear to apply to the term of supervised release in Gooden's sentence. Both before and after the effective date of the First Step Act, the authorized term of supervised release for Gooden's Title 21 drug crimes (i.e., Counts 1 and 19) was "at least 10 years" by operation of Gooden's prior

convictions and the notice filed by the United States in his case. (Doc. 4 at 4.)

Because the sentence given by this Court did not conflict with any provision of the FSA,[4] there is no merit to Gooden's claim, notwithstanding the procedural default issues discussed above.

## VI. Conclusion

Gooden's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice for the preceding reasons.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to

---

[4] The Court acknowledges that the First Step Act allows for time credit to apply to supervised release when certain criteria are met. *See* First Step Act of 2018, Pub. L No. 115-391, § 3632(d)(4)(C) (2018). Additionally, the FSA gives the Director of the Bureau of Prisons the authority to "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." Id. at § 3631(g)(3). Nonetheless, because these provisions do not interfere with the amount of time that can be given as supervised release at sentencing, but rather ways to reduce it, Gooden's sentence has no conflict.

deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Gooden's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on August 28, 2023.

_____
L. Scott Coogler
United States District Judge

215708